**UNITED STATES of America,**

v.

**Amy ALLEN, Appellant.**

No. 03–2767.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Dec. 14, 2004.

Decided Dec. 23, 2004.

Denise S. Wolf, City of Philadelphia Law
Department, Philadelphia, PA, for Appellee.

Jack J. Mcmahon, Jr., Philadelphia, PA,
for Appellant.

Before NYGAARD, ROSENN and
BECKER, Circuit Judges.

## OPINION

BECKER, Circuit Judge.

This is an appeal by Amy Allen from a
judgment in a criminal case following a
trial by a jury which convicted her of six
counts of mail fraud and one count of wire
fraud.[1]   Allen was sentenced to five
months' imprisonment, and five months of
home detention (Allen has served that sentence), plus restitution in the sum of
$14,123.52.

Allen's counsel has filed a brief in which
he has stated, *inter alia*, "This is an Anders brief submitted in support of counsel's request to withdraw due to his professional judgment that there are no grounds
of merit for an appeal by the Appellant,
Amy Allen."   After thorough examination
of the record, we agree with counsel that

---

1. More specifically, Allen was convicted of
causing the use of the mail in the unauthorized ordering of computer accessories, a
desk and chair, clothing, a saddle bag, spurs,
reins, and heaters (Count 4); two computer
systems, computer accessories, clothing, and
jewelry (Count 5); clothing, jewelry, and
computer disks (Count 6); a washing ma-

chine, computer accessories, clothing, and
decorative items (Count 7); computer accessories, a facsimile machine, clothing, and
flashing lights (Count 8); and a computer
system (Count 10).   She was also convicted of
causing the transmittal of a wire communication in the ordering of lighting equipment.

there are no non-frivolous issues to raise on appeal. Although Allen filed a brief signed by her brother Joel D. Allen, after thorough examination of the record, we are constrained to agree with counsel that there are no non-frivolous issues for review.[2]

The short of it is that the evidence against Allen is overwhelming. It showed that Allen requested and eventually received at her home personal items ordered off-contract—a computer, a desk with a hutch and a chair, a second computer, a printer, a heater, and a washing machine, and that she did not personally pay for any of the items she received. Many of these items were recovered from her home. Moreover, when it became known that the Mounted Unit was being investigated by the Police Department's IMPACT Division, Allen agreed to "get rid of" the computer and washing machine she had ordered, and law enforcement officials recovered two computers that Allen received under the scheme from the home of Allen's relatives in California. As to her argument that she was prejudiced by a joint trial with a co-defendant, Allen never raised any objection to having her case tried together with co-defendant Evans, nor did she move for severance at any point. This argument is palpably without merit.

Our jurisprudence requires that counsel in an *Anders* situation adequately attempt to uncover the best arguments for his or her client. *See United States v. Marvin,*

211 F.3d 778 (3d Cir.2000). We are satisfied that counsel has fulfilled his *Anders* obligations. The judgment of the District Court will be affirmed.[3]

---

**2.** In her informal brief, Allen alleges ineffective assistance of counsel. However, "it is well-established that ineffective assistance of counsel claims are generally not entertained on a direct appeal." *United States v. Thomas,* 389 F.3d 424, 429 (3d Cir.2004); *United States v. Headley,* 923 F.2d 1079, 1083 (3d Cir.1991). Rather, "the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the

claim may be developed." *Id.; United States v. Theodoropoulos,* 866 F.2d 587, 598 (3d Cir. 1989).

**3.** We also note our view that, because the issues presented in the appeal lack legal merit, they do not require the filing of a petition for writ of certiorari with the Supreme Court 3d Cir. LAR 109.2(b)(2000).